FILED

2019 Sep-26  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| LYNCOLN DANGLAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:19-cv-00789-CLM-JHE |
| | ) | |
| DHS/ICE and JONATHON HORTON, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Lyncoln Danglar has filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of his rights under the Constitution or laws of the United States.  (Doc. 1).  Specifically, Danglar challenges the conditions of his confinement at Etowah County Detention Center.  (*Id*. at 23-56).  He seeks declaratory, injunctive, and monetary relief.  (*Id*. at 57-58).

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).  Based on the following, the undersigned concludes this case is due to be dismissed for Danglar's failure to prosecute.

### I. Discussion

Danglar initially filed his *Bivens* complaint collectively with three other detainees, but the other plaintiffs' claims were severed, leaving Danglar the sole plaintiff in this action.  (Doc. 9). Additionally, Danglar submitted an application to proceed *in forma pauperis* collectively with the three other plaintiffs.  (Doc. 2).  On August 20, 2019, the undersigned notified Danglar that the court could not make an individual determination of his *in forma pauperis* status based on the collectively filed application and ordered him to either pay the $400.00 filing/administrative fees

or submit his own application to proceed *in forma pauperis* within thirty days.  (Doc. 11 at 1).  The undersigned warned Danglar that failure to comply with the order within thirty days may result in dismissal of the case for want of prosecution.  (*Id.*).

More than thirty days have elapsed, and the plaintiff has failed to comply with or otherwise respond to the order.  Therefore, this action is due to be dismissed without prejudice for the plaintiff's failure to prosecute.

## II. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## III. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice.  11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 26th day of September, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE